

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe J. Fisher
District Attorney
San Augustine, Texas

Dear Sir:

Opinion No. O-1038
Re: Authority of Commissioners'
Court to set aside ten per
cent of the delinquent
taxes belonging to the
county to pay the salary
of a stenographer for the
county attorney to assist
in the filing of delinquent
tax suits?

Your request for an opinion on the above question has been submitted to us.

We note that you state in your letter that the population of Jasper County is around 17,000, that it would seem to you under Article 3895, which permits the Commissioners' Court to pay the county attorney an ex-officio salary in addition to the fees of office, where the salary in addition to the fees of office does not exceed the maximum, the Commissioners' Court might increase the county attorney's salary the ten per cent of delinquent taxes collected, so long as this amount does not exceed the maximum, less any deductible expenses under Article 3899, and Article 3902, and take the ten per cent from the county's share of delinquent taxes.

We agree with you that the Commissioners' Court might pay the county attorney an ex-officio salary in addition to the fees of office, whereas such salary in addition to the fees does not exceed the maximum. The county attorney could then hire his own stenographer and pay her himself, but we do not believe that those statutes referred to authorize the Commissioners' Court to set aside ten per cent of the delinquent taxes or any other amount to pay the salary of a stenographer for the county attorney.

We are unable to see how a county could enter into a contract or agreement to set aside ten per cent of the delinquent taxes to pay the salary of a stenographer for the county attorney without said agreement being incorporated in, and becoming a part of, a contract entered into between the county and someone to collect delinquent taxes. As stated in an opinion, by the Hon. Glenn R. Lewis, addressed to you on June 12, 1939, which we quote in part as follows:

"Article 7335a, Revised Civil Statutes, places certain limitations upon such power to contract. As said by the Commission of Appeals in the case of Easterwood vs. Henderson County, 62 S. W. (2d) 65, 'The power to provide for the collection of delinquent taxes and prescribe the compensation to be paid for services rendered in that respect resides exclusively in the Legislature . . . except as given by statute a commissioners' court is powerless to contract in the respects mentioned.'"

It is, therefore, our opinion that the Commissioners' Court of Jasper County does not have the authority to set aside ten per cent of the delinquent taxes belonging to the county to pay the salary of a stenographer for the county attorney to assist in the filing of delinquent tax suits.

We trust that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_
Fred C. Chandler
Assistant

FCC:N

APPROVED
OPINION
COMMITTEE
BY _RWF_
CHAIRMAN

APPROVED AUG 4, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS